O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LESTER SIMS, | ) | Case No. CV 04-6934 AN |
| Plaintiff, | ) | MEMORANDUM AND ORDER |
| v. | ) | |
| JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| Defendant. | ) ) | |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. Pursuant to the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand ("JS").

The relevant background facts are familiar to both parties. Accordingly, only the facts and evidence that are helpful to understanding and explaining the Court's decision

1   will be discussed below.

2       In the JS, Plaintiff raises the following issues: (1) the Administrative Law Judge

3   ("ALJ") erred by rejecting the opinion of Plaintiff's physiatrist[1] Howard R. Bass, M.D.

4   and (2) the ALJ's assessment of Plaintiff's mental impairment is not supported by

5   substantial evidence.  The Commissioner disagrees.

6       Dr. Bass examined Plaintiff before the ALJ hearing on September 10, 2003, and

7   after the hearing (but before the ALJ's decision) on October 9, 2003.  [Administrative

8   Record ("AR") at 128.]  In a letter to Plaintiff's counsel dated October 10, 2003, Dr. Bass

9   reported that Plaintiff suffers from cephalgia (headache), hypertensive cardiovascular

10  disease, bilateral knee degenerative joint disease, mild obesity, and depression, rule out

11  bipolar disorder.   [AR at 132.]   Dr. Bass found that Plaintiff requires psychiatric

12  intervention due to his increasing depression and anxiety.  [AR at 132.]  Dr. Bass also

13  reported that Plaintiff could not lift or carry more than five pounds, sit more than 20

14  minutes at a time, stand more than 15 minutes before experiencing pain, or walk more

15  than one-half block.   [AR at 133-34.]  Dr. Bass concluded that Plaintiff was unable to

16  perform any type of work activities.  [AR at 134.]

17      Dr. Bass also completed a physical capacities evaluation and residual functional

18  capacity assessment of Plaintiff.  [AR at 137-39.]   Contrary to the findings set forth in

19  his letter to Plaintiff's counsel, Dr. Bass reported that Plaintiff was capable of lifting and

20  carrying up to 20 pounds frequently and 25 pounds occasionally, sitting between four and

21  five hours at a time, standing between three and four hours at a time, and walking  one

22  hour at a time.   [AR at 137.]   Dr. Bass also reported that Plaintiff was capable of

23  performing light household chores. [AR at 139.] The ALJ found, and Plaintiff concedes,

24  that Dr. Bass's findings with regard to Plaintiff's physical limitations were contradictory.

25  [AR at 21; JS at 6.]  In particular, the ALJ noted that Plaintiff's ability to perform light

26  household chores was inconsistent with his finding that Plaintiff was precluded from all

27

28      [1]   A physiatrist is a physician specializing in physical medicine, rehabilitation, and nonsurgical spine care.

types of employment.  [AR at 21.]  Thus, the ALJ's decision to discredit Dr. Bass's findings with respect to Plaintiff's physical limitations was supported by substantial evidence.  *See, e.g., Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir.1996)(the ALJ could disregard an examining physician's opinion because "it was obtained solely for the purposes of the administrative hearing, varied from [the physician's] own treatment notes, and was worded ambiguously in an apparent attempt to assist [the claimant] in obtaining social security benefits").  Further, the ALJ noted that Plaintiff's medical records did not support a finding of disability.  [AR at 21]; *see Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)(a treating physician's opinion on the ultimate issue of disability is not necessarily conclusive); *see Morgan v. Commissioner of the Soc. Sec. Admin*. 169 F.3d 595, 601 (9th Cir. 1999)(upholding denial of benefits where psychiatric reports did not demonstrate that claimant's symptoms of depression "translate[d] into specific functional deficits which preclude[d] work activity").

Plaintiff also argues that the ALJ erred by finding that his mental impairment was not severe.  The Court agrees.  In the decision, the ALJ discounted Dr. Bass's assessment of Plaintiff's mental condition because there was no evidence that Plaintiff had previously complained of depression or sought treatment for depression.  [AR at 21.]  This was not a valid basis for rejecting Dr. Bass's findings. *See Nguyen v. Chater*, 100 F.3d 1462 (9th Cir. 1996)(claimants suffering from mental impairments should not be chastised for failing to seek treatment because their judgment is questionable); *Regennitter v. Commissioner of the Soc. Sec. Admin*., 166 F.3d 1294, 1299-1300 (9th Cir. 1999) (claimant's failure to seek mental treatment not a valid basis for rejecting a physician's opinion, as mental illness is often under-reported and "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation").  The ALJ further suggested that Dr. Bass's opinion should be entitled to less weight because he examined Plaintiff at the request of Plaintiff's counsel.  [AR at 21.]  The ALJ did not, however, cite any evidence to support a finding of bias. *See Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995)("The purpose for which medical reports are

obtained does not provide a legitimate basis for rejecting them. An examining doctor's findings are entitled to no less weight when the examination is procured by the claimant than when it is obtained by the Commissioner"); *Rodriguez v. Bowen*, 876 F.2d 759, 761-62 n.6 (9th Cir. 1989)(general assertion, without supporting evidence, that physician was "leaning over backwards" to help patient runs contrary to court's deferential rule for treating physicians); *Ratto v. Secretary of Health and Human Servs.*, 839 F.Supp. 1415, 1426 (D.Or. 1993)(Secretary may not assume that doctors routinely lie to help their patients collect disability benefits).  Thus, the ALJ's evaluation of Plaintiff's mental impairment was not supported by substantial evidence.

Finally, Plaintiff contends that the ALJ wrongly described Dr. Bass as an examining physician.  In *Ghokassian v. Shalala*, 41 F.3d 1300, 1303 (9th Cir. 1994), the Ninth Circuit held that a physician who saw a patient twice for mental and emotional problems within a 14-month period and prescribed drugs for the patient was a treating physician due to the nature of their relationship.  Unlike *Ghokassian*, Plaintiff did not receive medication from Dr. Bass.  Also, Plaintiff did not appear to have any return visits scheduled with Dr. Bass.  Nevertheless, on remand, the ALJ should determine whether Dr. Bass was a treating physician.  If Dr. Bass was the treating doctor, then the ALJ must accord his opinion regarding Plaintiff's mental impairment appropriate weight. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

## III. CONCLUSION

For the reasons discussed above, the Court finds the ALJ's denial of Plaintiff's claims for benefits is not free of legal error and supported by substantial evidence. Accordingly, Plaintiff's request for an order remanding this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the

/ / /

/ / /

/ / /

action is DENIED.  The clerk shall enter judgment, close the file and terminate all pending motions.

DATED:      February 9, 2006            /s/ Arthur Nakazato
                                        ARTHUR NAKAZATO
                                        UNITED STATES MAGISTRATE JUDGE